of use of automobile. This finding was based upon expert testimony as to the value of the use of an automobile like the plaintiff's. There was no evidence to show that plaintiff used his automobile for any business purpose whatever. The inference from the evidence is that he used it for his pleasure and recreation. It does not appear that he hired any other vehicle to take its place. Under the circumstances, we think it was error to allow plaintiff to prove this item of $150. It was highly speculative.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to $322.35, together with interest and costs below, in which case the judgment, as modified, will be affirmed, without costs of appeal. All concur.

---

### FRUHAUF v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. December 11, 1906.)

1. APPEAL—JUDGMENT OF NONSUIT—REVIEW.

   The court, in reviewing a judgment of nonsuit, must place on the evidence a construction most favorable to plaintiff and consider the reasonable inferences that may be drawn therefrom.

2. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—QUESTION FOR JURY.

   Railroad Law, Laws 1890, p. 1126, c. 565, § 138, provides that trains on elevated railroads shall not be permitted to start until every passenger desiring to alight shall have left the train, provided the passenger has manifested his intention to alight by moving toward the platform of the car. A passenger, on the train stopping, got up, ready to walk out, and he reached the exit door, when the train started with a sudden jerk, injuring him. Held, that the question of the negligence of the railroad in starting the train was for the jury; the movement of the passenger being a manifestation of his intention to alight, and it being the duty of the railroad not to start until the passenger had been given a reasonable opportunity to do so.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1322.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Bernard Fruhauf against the Interborough Rapid Transit Company. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Mark Charles Platt, for appellant.

Charles A. Gardiner (Alfred E. Mudge, of counsel), for respondent.

GILDERSLEEVE, J. The action is to recover damages for personal injuries. The plaintiff was a passenger upon one of defendant's cars. When the train stopped at Chambers Street Station, plaintiff arose from his seat and proceeded to leave the car. Just as he reached the doorway the car started with a sudden jerk, threw the plaintiff forward, and to save himself from a fall he put his hand on the door jamb. The movement of the car caused the door to close and injure the plaintiff's finger. The plaintiff was nonsuited.

When we place upon the evidence, as the law requires, a construction

most favorable to the plaintiff, and consider the reasonable inferences that may properly be drawn therefrom, we must conclude that the plaintiff was free from contributory negligence, and that the starting of the car was the proximate cause of plaintiff's injuries, and that the defendant was negligent in starting the car before plaintiff had been afforded a reasonable opportunity to alight. It is defendant's claim that the foregoing principle does not apply, for the reason that the guard was not aware of the plaintiff's desire to disembark. True, there is no direct evidence that plaintiff signaled or told the guard of his intention to get off. The plaintiff does testify, however, that when the train stopped he got up, ready to walk out, and it appears that he reached the exit door, when the train started with a sudden jerk. In the absence of any evidence to the contrary, it must be presumed that the guard observed the movement of the plaintiff toward the door. If he did not, he omitted to do what he should have done and neglected his duty. The conduct and movement of the plaintiff was a manifestation to the guard of his intention and desire to depart from the car at that time and place, and it was the duty of the defendant not to start the train until the plaintiff had been given a reasonable opportunity to leave the car. The starting of the train under the circumstances was evidence of negligence.

Section 138, art. 5, of the railroad law, being chapter 565, p. 1126, of the Laws of 1890, is as follows:

"Trains to Come to Full Stop, etc. All trains upon elevated railroads shall come to a full stop before any passenger shall be permitted to leave such trains; and no trains on such railroad shall be permitted to start until every passenger desiring to depart therefrom shall have left the train, provided such passenger has manifested his or her intention to so depart by moving toward or upon the platform of any car."

The learned trial judge held that there was no proof that the defendant's servants were apprised of the intention of the plaintiff to leave the car after he had started from his seat, and no proof how the door swung closed. To this ruling the plaintiff duly excepted. For the reasons stated above, the case was one for the jury, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.